UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

UNITED STATES OF AMERICA                           :

                                                    :     17 Cr. 73 (PAC)

   - against -                                              :

                                                    :     **OPINION & ORDER**

Joshua Perez,                                                :

   Defendant.                                              :

------------------------------------------------------------------------X

      Defendant Joshua Perez was sentenced by this Court to 78 months imprisonment for conspiracy to distribute heroin and for aiding and abetting the use of a firearm to shoot a rival drug dealer in furtherance of a heroin distribution conspiracy.  Perez is currently incarcerated at the U.S.P. Canaan where he has served 51 months of his total sentence.  He now moves *pro se* for a sentence reduction under the Compassionate Release Statute at 18 U.S.C. § 3582(c)(1)(A)(i), arguing that the COVID-19 pandemic presents extraordinary and compelling circumstances warranting his early release.  For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

      From 2015 to 2016, Defendant Joshua Perez conspired with a local gang to distribute heroin and other narcotics throughout the Echo Place community in the Bronx.  (Presentence Investigation Report ("PSR"), at 4, ECF 21; Gov't Opp. Br. at 1, ECF 41.)  As part of this drug distribution conspiracy, Perez engaged in acts of intimidation and violence, and on one occasion,

aided and abetted the shooting of a rival gang member on a crowded public street near Echo Place.[1]  (PSR, at 6–9; Gov't Opp. Br. at 1.)

Perez was arrested for these crimes in December 2016.  (PSR, at 2.)  Shortly thereafter, he pled guilty to one count of conspiring to distribute heroin, in violation of 21 U.S.C. § 846 and 841(b)(1)(C), and one count of using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (*Id.*; Gov't Opp. Br. at 2.)

At sentencing, Perez faced a mandatory minimum sentence of 60 months and a Sentencing Guidelines range of 84 months to 90 months imprisonment.  (Gov't Opp. Br. at 2.)  The Government and Presentence Investigation Report ("PSR") recommended a term of 84 months.  (Sent'g Tr. at 12, ECF 37.)  Perez, however, requested a sentence of 78 months.  (*Id.* at 9.)  After consulting the § 3553(a) sentencing factors, the Court ultimately imposed a sentence of 78 months imprisonment.  (*Id.* at 16.)  To date, Perez has served 51 months of his sentence at the U.S.P. Canaan facility.  (*See* Gov't Opp. Br. at 1.)

On November 26, 2020, Perez petitioned the Warden of the U.S.P. Canaan for compassionate release.  (Ex. B ("Warden Petition"), ECF 41-2.)  The Warden, by a written notice, denied that petition on December 4, 2020.  (Ex. C ("Warden Denial"), ECF 41-3.)  On December 7, 2020, Perez filed this compassionate release motion *pro se* before the Court.  (Perez Motion, ECF 40.)

Perez, who is 27 years old, contracted the COVID-19 virus in February 2021.[2]  (Perez Reply, at 1, ECF 44.)  He has since made a full recovery and currently is in good health.  (PSR,

---

[1] On July 23, 2016, Perez accompanied a fellow gang member, Christopher Villaronga, as Villaronga confronted a rival gang member on a "crowded city street" and shot the victim in the leg.  (Gov't Opp. Br. at 1, ECF 41.)  Following this non-fatal shooting, Perez took possession of the firearm and hid the gun from law enforcement authorities.  (*Id.*)

at 3, 14; Gov't Opp. Br. at 7, Perez Reply, at 1; Gov't Sec. Reply, at 1–2, ECF 45.)  Still, Perez contends that compassionate release is warranted because (1) the COVID-19 pandemic presents extraordinary and compelling circumstances; and (2) because he has been sufficiently rehabilitated while serving time in prison.  (Perez Motion, at 1; Perez Supp. Br. at 1–4, ECF 42.)

The Government opposes Perez's motion.  It argues (1) that there are no extraordinary and compelling reasons for a sentence reduction, especially where Perez has already contracted the COVID-19 virus and fully recovered; and (2) that the § 3553(a) sentencing factors weigh against compassionate release.  (Gov't Opp. Br. at 6–11; Gov't Reply at 1–3, ECF 43; Gov't Sec. Reply, at 1–2.)

## DISCUSSION

### I.  Administrative Exhaustion

Under the Compassionate Release Statute, a defendant may move for compassionate release in federal court after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

The parties agree, and the Court finds, that the administrative exhaustion requirement has been satisfied in the present case.  (Gov't Sec. Reply, at 1.)  Perez filed a petition for compassionate release with his Warden on November 26, 2020.  (*See* Warden Petition.)  It is now March 2021.  Thus because 30 days have elapsed since the Warden's receipt of Perez's compassionate release petition, his motion before the Court is timely.  18 U.S.C. § 3582(c)(1)A);

---

[2] Perez alleges that he contracted COVID-19 in February 2021 (Perez Reply, at 1, ECF 44); the Government, however, alleges that Perez tested positive for the virus on January 27, 2021. (Gov't Sec. Reply, at 1, ECF 45.)  In any event, recent medical records show that Perez has fully recovered from the COVID-19 virus.  (*Id.*)

*United States v. Maldonado*, No. 16 CR 285 (CM), 2021 WL 639069, at *2 (S.D.N.Y. Feb. 17, 2021) (finding passage of 30 days from Warden's receipt of compassionate release petition to satisfy the administrative exhaustion requirement).

## II.     Compassionate Release Statute

The Compassionate Release Statute provides a limited exception to the general rule that "[a] court . . . may not modify a term of imprisonment once it has been imposed absent statutory authority." *United States v. Brady*, S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *2 (S.D.N.Y. May 15, 2020). The Compassionate Release Statute allows a district court to grant a sentence reduction where (1) "extraordinary and compelling reasons warrant such a reduction"; (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) upon due consideration of the relevant factors as set forth in § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i).

### A.     Extraordinary and Compelling Reasons[3]

Perez argues that the COVID-19 pandemic presents extraordinary and compelling circumstances warranting his early release because (1) there was a COVID-19 outbreak at his facility in November 2020; (2) living conditions in prison during the pandemic have posed difficulties to social distancing and other public health measures; and (3) novel, possibly more infectious, variants of the COVID-19 virus have emerged across the globe. (Perez Motion, at 1; Perez Supp. Br. at 1–4.)  Additionally, in his latest letter filing to the Court, Perez alleges that his

---

[3] Because Perez is proceeding *pro se*, the Court construes his "filings liberally," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "to raise the strongest argument that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (cleaned up).

circumstances have become more dire after having recently contracted the COVID-19 virus and having suffered "fatigue" and breathing problems as a result.[4] (Perez Reply, at 1.)

The Government disputes each of these points; it argues that no extraordinary and compelling circumstances exist because (1) Perez has fully recovered from the COVID-19 virus; and (2) because he is currently in healthy condition.[5] (Gov't Opp. Br. at 7–10; Gov't Reply at 1–3; Gov't Sec. Reply, at 1–2.) The Court agrees; there are no extraordinary and compelling reasons to grant compassionate release.

In the context of the COVID-19 pandemic, the extraordinary and compelling factor requires a fact-intensive analysis of "the defendant's condition, not general societal conditions." *United States v. Shakur*, No. 82 CR 312 (CSH), 2020 WL 1911224, at *1 (S.D.N.Y. Apr. 20, 2020). Here, the fact that Perez has made a full recovery from COVID-19 and is currently in good health precludes the notion that extraordinary and compelling circumstances exist. *United States v. Jones*, No. 19-CR-498 (CS), 2021 WL 535801, at *2 (S.D.N.Y. Feb. 12, 2021) ("This Court and others have declined to find 'extraordinary and compelling circumstances' in cases

---

[4] In his latest filing, Perez also alleges that he has been unable to receive adequate medical attention at his facility during the COVID-19 pandemic. (Perez Reply, at 1.)

[5] Specifically, the Government notes that:

> The defendant tested positive for the virus more than a month ago, on January 27, 2021, and since then, he has reported "feeling tired" but otherwise had "no specific complaint." Immediately upon testing positive, the defendant went into isolation, and BOP personnel monitored him daily for 10 days. During that time, he was asymptomatic, had no elevated temperature, and showed no other signs of infection. There is no record of his requesting any kind of "breathing machine," nor is there any indication that he needs one. During a medical check on February 18, 2021 (when the defendant claimed to be "tired"), the defendant's vital signs were found to be normal, and a comprehensive evaluation revealed no irregularities, including in his heart and lungs. The defendant has consistently denied shortness of breath, and his respiratory rate (16 per minute) and oxygen saturation (Sa02 of 98%) were entirely normal.

(Gov't Sec. Reply, at 1.) (cleaned up).

where a defendant has a prior COVID-19 diagnosis.") (cleaned up); *United States v. Mateus*, No. 14 CR. 504-1 (KPF), 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses.").

In addition, Perez's other allegations of extraordinary and compelling reasons are unavailing. *First*, Perez cites a COVID-19 outbreak at his facility, but that outbreak occurred more than three months ago and conditions at the U.S.P. Canaan appear to have stabilized since. (*See* Gov't Reply at 2.) *Second*, Perez asserts that he has been given inadequate medical attention during the pandemic but medical records from his facility prove the opposite conclusion. (Gov't Sec. Reply, at 1.) *Finally*, while the Court is cognizant of the exceptionally difficult living conditions inmates have had to endure in the throes of the COVID-19 pandemic, the Court cannot grant compassionate release upon such a generalized basis. *United States v. Kaba*, No. 19 CR. 242 (PAC), 2020 WL 2520807, at *3 (S.D.N.Y. May 18, 2020). As this Court said in *Kaba*, to order such relief would mean "that every federal inmate should be released from detention due to COVID-19—a consequence which undermines the goals of sentencing, does not promote respect for the law, and does not remotely fit with the limited scope of compassionate release." *Id.* Accordingly, upon careful consideration of the present record, the Court finds that Perez has failed to satisfy the extraordinary and compelling factor and that his compassionate release motion must be denied.

    **B.**    **§ 3553(a) Sentencing Factors**

Although Perez's motion may be disposed of on the extraordinary and compelling factor, the Court also finds the § 3553(a) sentencing considerations to counsel against granting compassionate release. For purposes of compassionate release, the lodestars of the § 3553(a) inquiry are the seriousness of the offense, the deterrent effect of the punishment, and the need to protect the public. *See, e.g.*, *United States v. Martin*, 18-CR-834-7 (PAE), 2020 WL 1819961, at \*3–4 (S.D.N.Y. Apr. 10, 2020). Perez's case for a sentence reduction founders on each of these considerations.

*First*, the offenses at issue here were not victimless crimes. As recounted above, Perez associated with a local gang in Echo Place, and employed intimidation and violence to help distribute harmful drugs throughout the community. *See supra* 1–2. Indeed, as this Court noted at sentencing, these criminal actions inflicted "tremendous damage" on the Echo Place neighborhood and created a drug culture "enforced by gunplay" that endangered the safety and welfare of everyday citizens. (Sent'g Tr. at 15–16.) Thus, in considering these aggravating circumstances, the Court finds that the seriousness of the offense factor weighs against compassionate release. 18 U.S.C. § 3553(a); *Martin*, 2020 WL 1819961.

*Second*, the Court also finds that granting Perez's compassionate release would undermine important sentencing objectives behind § 3553(a)—namely, the deterrent effect of punishment and the need to protect the public. *Martin*, 2020 WL 1819961. Perez has so far served 51 months of his 78 month sentence. He now contends that, during those 51 months, he has been fully rehabilitated of his criminal propensities and that he no longer presents a danger to the public. But the Court cannot give full faith and credit to such claims, especially in light of the serious disciplinary infractions Perez has committed while serving in prison. According to his disciplinary record, Perez has threatened a fellow inmate, possessed a dangerous weapon, and

7

refused to follow work orders—all within the past three years.  (Ex. A ("Disciplinary Record"), ECF 41-1.)  At bottom, such a record does not bespeak a man who has been fully rehabilitated.  And such a record does not assure the Court that Perez will no longer pose a danger to the public upon his compassionate release.  Accordingly, the Court concludes that considerations of deterrence and the public's safety militate against granting compassionate release.

## CONCLUSION

For the foregoing reasons, Perez's motion for compassionate release is **DENIED** without prejudice as to its renewal should his health conditions or the status of infections at his facility materially worsen.

Dated: New York, New York               SO ORDERED
       March 9, 2021

                                                                      _____
                                                                  PAUL A. CROTTY
                                                                  United States District Judge